KHOUZAM, Judge.
 

 Eric Daniel Gaines, the son of Martha A. Gaines, appeals both a final order discharging the personal representative of the estate and an order denying his petitions to decrease the fees charged by the personal representative and the two attorneys hired by the personal representative. Because the estate was closed over timely objection to the final accounting without any formal review and determination by
 
 *952
 
 the probate court on the reasonableness of the fees, we reverse.
 

 Ms. Gaines’ will was executed on August 1, 2005, two years prior to her death at a hospice facility on July 31, 2007. Eric was approximately twenty years old when his fifty-nine-year-old mother passed away. Ms. Gaines’ will established a testamentary trust for which Eric is the sole beneficiary, and he is the only known surviving heir of his mother’s estate. The will appointed Donald B. DeWitt as both the personal representative of the estate and the trustee of the testamentary trust. Attorney Brendan Bradley prepared this document.
 

 On August 16, 2007, approximately two weeks after Ms. Gaines’ death, Mr. DeWitt and Attorney Bradley initiated probate proceedings by filing a petition for administration — Mr. DeWitt as the petitioner and Attorney Bradley as the petitioner’s attorney. The petition provided that the approximate value of the estate assets was $102,600. The petition sought the appointment of Mr. DeWitt as personal representative. Letters of administration issued on or about August 20, 2007, admitting the will to probate and appointing Mr. DeWitt as the personal representative of the estate.
 

 Mr. DeWitt submitted an initial inventory of the estate to the court on October 31, 2007. This inventory listed property with a total fair market value of $152,648.06.
 
 [1]
 
 This inventory identified Ms. Gaines’ home as “exempt (protected) property,” and thus did not include a fair market value for the home.
 
 [2]
 
 Mr. DeWitt submitted an amended inventory to the court on February 1, 2008, which simply added Ms. Gaines’ federal retirement thrift account as an asset of the estate. With the addition of this item, the total fair market value for estate assets listed on the amended inventory was $190,532.44.
 

 A year after the issuance of the letters of administration, the final accounting and the petition for discharge had not been filed or served. At that juncture, Eric, through counsel, filed a petition for an interim accounting and a petition for a partial distribution in the probate proceeding. The petition for partial distribution included allegations, which if proven, would have established that within seven months of Ms. Gaines’ death, Mr. DeWitt had required Eric to select and remove household goods and furnishings from “the home his mother had provided for the two of them” and had refused to allow him “to store any tangible personal property at his former home for any length of time,” even in the empty garage of the home. The petition further alleged that Mr. DeWitt had “refused” to pay the storage fees for the items moved from the home and that Eric risked losing these items because he could not afford to pay the outstanding storage fees.
 

 The petition alleged that Eric had a part-time job and had enrolled in a local community college, but could not “sustain himself financially and study and attend school” and “that every attempt to obtain assistance from [Mr. DeWitt] has been either denied or ignored.” Ms. Gaines’ will and the testamentary trust provision set forth in the will included language revealing Ms. Gaines’ wish that the trust
 
 *953
 
 was to provide for the maintenance, support, health, education, and personal welfare of her “beloved son” and that “priority and preference” was to be given to educational and vocational pursuits and needs, with a preference of four years of “college study leading to a degree.”
 

 Mr. DeWitt, through substituted counsel,
 
 [3]
 
 sought to dismiss, rather than answer, Eric’s petition for partial distribution. He also requested an extension of time for filing the final accounting and petition for discharge. The probate court set October 31, 2008, as the filing deadline.
 

 A final accounting and petition for discharge were not filed by the October 31 deadline. Instead, several days prior to the deadline the personal representative filed an initial accounting for the period from July 31, 2007, through September 30, 2008. The initial accounting listed, as disbursements, a personal representative fee to Mr. DeWitt of $22,215.97 and a payment to Attorney Bradley of $22,215.97. The initial accounting reflected no disbursements to Eric during that period of time. Based on the two inventories filed with the court up to that time, the estate consisted of probate assets valued at no more than $190,532.44.
 
 [4]
 
 Several days after filing the initial accounting, the personal representative filed a second amended inventory that included the decedent’s home as a nonexempt homestead valued at $550,000.
 
 [5]
 

 Eric’s counsel filed an objection to the personal representative’s initial aecount-mg, in which he raised numerous challenges including a challenge to the personal representative’s distribution of fees to Attorney Bradley and to the personal representative without court approval for the reasonableness of the fees. According to an order filed in March 2009, Eric’s counsel agreed, in open court, to withdraw his objection to the initial accounting. The probate court ordered that a petition for discharge of the personal representative and a final accounting were to be filed within thirty days.
 

 Mr. DeWitt, through counsel, filed these items within thirty days of the order. The final accounting reflected an additional disbursement of $843.75 for extraordinary personal representative fees as well as disbursements of $1963.45 and $4370 to substituted counsel for extraordinary legal services. Shortly thereafter, Eric’s counsel filed petitions to decrease the compensation paid to Attorney Bradley, the second attorney hired by the personal representative, and the personal representative. The probate court entered an order discharging Mr. DeWitt as personal representative. The court, however, vacated the discharge order after Eric’s counsel filed an objection on the ground that the pending and unresolved petitions precluded a discharge of the personal representative.
 

 On November 5, 2009, the probate court denied the petitions to decrease fees without holding a hearing as to the reasonable
 
 *954
 
 ness of the fees set forth in the final accounting. The court simultaneously entered an order discharging the personal representative, and this appeal ensued.
 

 The probate court was persuaded that in withdrawing his objection to the personal representative’s initial accounting, Eric’s counsel had waived his ability to thereafter challenge the reasonableness of the fees sought by the personal representative and the two attorneys hired by the personal representative. To the contrary, the record reflects that on multiple occasions throughout the probate proceeding Eric’s counsel, in fact, reserved the right to challenge the reasonableness of the personal representative and attorneys’ fees at the time of the final accounting. Indeed, Eric’s counsel scheduled a three-hour hearing in July 2009 to take place on November 11, 2009, with respect to his three petitions challenging the reasonableness of the fees. Yet, the reasonableness of the fees was never determined at any point during the probate proceeding. Even if the initial accounting had taken the form of an interim order awarding partial fees, it would not have foreclosed a later challenge at the time of the final accounting because an interim award is not a final determination that the fees allowed were reasonable.
 
 See In re Estate of Cordiner,
 
 497 So.2d 920, 921 (Fla. 2d DCA1986);
 
 see also
 
 § 733.6175, Fla. Stat. (2007) (providing person determined to have received compensation for services rendered for an estate may be ordered to make appropriate refunds).
 

 Accordingly, we reverse the order discharging the personal representative and the order denying the petitions to decrease the fees charged by the personal representative and the attorneys hired by the personal representative, and remand for further proceedings consistent with this opinion.
 
 [6]
 

 Reversed and remanded.
 

 CASANUEVA, C.J., and LaROSE, JJ, Concur.
 

 [1]
 

 . This figure included $149,000 obtained on two life insurance policies.
 

 [2]
 

 . Florida Probate Rule 5.340(a) provides, in pertinent part, that "[r]eal property appearing to be protected homestead property shall be listed and so designated” on the inventory. Pursuant to rule 5.340(a), the inventory "shall” also include the estimated fair market value at the date of the decedent's death of listed property except "real property appearing to be protected homestead property.”
 

 [3]
 

 . Attorney Bradley was unable to continue representation due to illness, and a second attorney was substituted as the attorney of record as of August 29, 2008.
 

 [4]
 

 . The allocation of attorney's fees and personal representative fees in the total amount of $44,431.94 — at a time when the amount of work expended on the administration of the estate appears to have been minimal and the probate assets were valued at no more than $190,532.44 — seems to have been particularly excessive, warranting review by the probate court.
 

 [5]
 

 .The second amended inventory specifically provided, in part, that "whether it [the decedent's home] is a probate asset may have to be determined by appropriate proceedings.” Additionally, an appraisal submitted by Eric’s counsel reflected a much lower valuation of the home.
 

 [6]
 

 . It has been nearly three years since the issuance of letters of administration. Based on the record before this court, it appears that other than the personal items removed by Eric, no distributions have been made to him and that he is in need of financial assistance not only for his maintenance and to attend school, but also for certain medical needs. It would seem to be in the parties' best interest to resolve this matter expeditiously.